# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 21, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| BETTE M. MEYER, as personal representative of the estate of DONALD D. MEYER, deceased, | * * * * | UNPUBLISHED |
| Petitioner, | * * | No. 18-484V |
| v. | * * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | Interim Attorneys' Fees and Costs. |
| Respondent. | * * | |
| * * * * * * * * * * * * | | |

Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for petitioner.
Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On April 3, 2018, Bette M. Meyer ("petitioner"), as personal representative of the estate of Donald D. Meyer, deceased, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of a pneumococcal conjugate vaccine administered on July 26, 2017, Mr. Meyer developed Guillain-Barré Syndrome and died on August 26, 2017. Petition at ¶¶ 1, 6 (ECF No. 1).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On June 18, 2021, petitioner filed a motion for interim attorney's fees and costs, requesting compensation for the attorney and paralegals who worked on her case. Petitioner's Application for Interim Attorneys' Fees and Costs ("Pet. Mot."), filed June 18, 2020 (ECF No. 72). Petitioner's request can be summarized as follows:

**Attorney's Fees** – $44,096.20
**Attorney's Costs** – $24,304.07[3]
**Petitioner's Costs** – $1,617.36[4]

Petitioner thus requests a total of $70,017.63. Respondent filed his response to petitioner's application on July 13, 2021, stating that he "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response to Pet. Mot., filed July. 13, 2021, at 3 (ECF No. 73).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards **$69,246.63** in attorneys' fees and costs.

## I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorney's fees and costs is appropriate here where there are significant expert fees to be paid.

---

[3] Dr. Gershwin requested a total of $17,000.00 for his expert fees. See Pet. Mot., Ex. 3. After a review of Dr. Gershwin's invoices, however, he billed a total of 34.75 hours at a rate of $500.00 per hour, equaling $17,375.00. See id. Thus, petitioner's motion requesting $23,929.07 for counsel's costs has been increased by $375.00.

[4] Although petitioner's motion requests $1,617.37 for petitioner's costs, petitioner's declaration and Ms. Mitzi Mellot's declaration indicate petitioner paid $1,617.36. See Pet. Mot., Exs. 4-5.

2

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

#### 1. Hourly Rates

Here, petitioner requests the following hourly rates for the attorneys and paralegals from her firm who worked on this matter:

**Kathleen M. Loucks – Attorney**
    2017: $349.00
    2018: $358.00
    2019: $360.00
    2020: $362.00
    2021: $365.00

**Constance L. Herbst – Paralegal**
    2017: $135.00
    2018: $139.00

**Beth Chapman – Paralegal**
    2018: $132.00
    2019: $135.00

**Esther J. Novak – Paralegal**
    2018: $132.00
    2019: $135.00
    2020: $137.00
    2021: $139.00

The undersigned finds that the requested rates are reasonable and in accordance with what Ms. Loucks has previously been awarded for her Vaccine Program work. See, e.g., Halbrook v. Sec'y of Health & Hum. Servs., No. 19-1572V, 2021 WL 1193541, at *3 (Fed. Cl. Spec. Mstr. Mar. 9, 2021); Mitchell v. Sec'y of Health & Hum. Servs., No. 18-892V, 2020 WL 3046265, at *2 (Fed. Cl. Spec. Mstr. May 14, 2020); Reed v. Sec'y of Health & Hum. Servs., No. 17-352V, 2019 WL 7494953, at * 2 (Fed. Cl. Spec. Mstr. Nov. 25, 2019). The undersigned will therefore award the rates requested.

Ms. Loucks also requested hourly rates between $132.00 and $139.00 per hour for work done by paralegals from 2017 to 2021. These rates are consistent with such work previously awarded in the Program. See Mitchell, 2020 WL 3046265, at *2. Therefore, the undersigned will award the rates requested.

        **2.**     **Reduction of Billable Hours**

The undersigned has reviewed the hours billed and determines that a reduction in the hours billed is appropriate because various entries billed for administrative tasks.

Ms. Loucks' paralegals billed 5.7 hours between 2017 to 2020 for performing administrative tasks such as filing documents, preparing and filing exhibits and exhibit lists, and organizing and indexing exhibits. The Vaccine Program does not permit billing for administrative tasks. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). As such, these entries are

noncompensable.[5]  Therefore, the undersigned will not award compensation for this time, resulting in a reduction of $771.00.[6]

### B.      Attorneys' Costs

#### 1.      Expert Fees

Petitioner requests $17,375.00 for work performed by Dr. M. Eric Gershwin, which was a total of 34.75 hours, billed at an hourly rate of $500.00, including a $2,500.00 retainer fee paid to Dr. Gershwin.  Pet. Mot., Ex. 3.

Dr. Gershwin has previously been awarded $500.00 per hour for his vaccine program work.  See, e.g., Barenblit ex rel. A.S. v. Sec'y of Health & Hum. Servs., No. 18-180V, 2020 WL 7774608 (Fed. Cl. Spec. Mstr. Dec. 2, 2020); Lewis v. Sec'y of Health & Hum. Servs., No. 16-1604V, 2020 WL 4578584 (Fed. Cl. Spec. Mstr. July 8, 2020); Soltys v. Sec'y of Health & Hum. Servs., No. 17-401V, 2020 WL 5049411 (Fed. Cl. Spec. Mstr. June 26, 2020).  Therefore, the undersigned will award the requested fee in full.

Petitioner also requests $5,600.00 for work performed by Dr. Praful Kelkar, which was a total of 14 hours, billed at an hourly rate of $400.00.  Pet. Mot., Ex. 3.

Dr. Kelkar has previously been awarded $400.00 per hour for his vaccine program work.  See, e.g., Reed, 2019 WL 7494953; Choiniere v. Sec'y of Health & Hum. Servs., No. 16-1286V, 2019 WL 518519 (Fed. Cl. Spec. Mstr. Jan. 11, 2019); Miron v. Sec'y of Health & Hum. Servs., No. 16-762V, 2017 WL 5386607 (Fed. Cl. Spec. Mstr. Oct. 30, 2017).  The undersigned agrees with the reasoning in those decisions.  Therefore, the undersigned will award the requested fee in full.

#### 2.      Miscellaneous Costs

Petitioner requests $1,329.07 to cover her attorney's other miscellaneous expenses, including medical records, medical articles, the filing fee, and other expenses.  Pet. Mot., Ex. 3.  The undersigned finds these costs reasonable and well-documented, and awards them in full.

---

[5] For example, the November 29, 2018 billing entry states "file Notice of Intent to Remain in Program."  The April 4, 2021 billing entry states "file Notice of Filing and multiple exhibits, file citations and label extensively per Vaccine Court Guidelines."  These are examples, and do not represent an exhaustive list.

[6] The administrative time improperly billed is as follows:  (0.7 hours x $132.00) + (3.8 hours x $135.00) + (0.6 hours x $137.00) + (0.6 hours x $139.00) = $771.00.

### C. Petitioner's Costs

Petitioner requests $1,617.36 to cover expenses to obtain counsel, file an informal probate, and be appointed as personal representative of the estate. Pet. Mot., Exs. 4-5. The undersigned finds these costs reasonable and well-documented, and awards them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsels as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 44,096.20 |
| Reduction of Attorneys' Fees: | - ($ 771.00) |
| Awarded Attorneys' Fees: | $ 43,325.20 |
| | |
| Requested Attorneys' Costs: | $ 24,304.07 |
| Awarded Attorneys' Costs: | $ 24,304.07 |
| | |
| Requested Petitioner's Cost: | $ 1,617.36 |
| Awarded Petitioner's Cost: | $ 1,617.36 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 69,246.63** |

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $67,629.27, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ms. Kathleen M. Loucks.**

**(2) A lump sum in the amount of $1,617.36, representing reimbursement for reasonable petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[7]

   **IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.