# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 26, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | | |
| BETTE M. ANDERSON, as personal representative of the estate of DONALD D. MEYER, deceased, | * * * * | PUBLISHED |
| Petitioner, | * * | No. 18-484V |
| v. | * * | Special Master Nora Beth Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Damages Award; Pneumococcal Conjugate ("Prevnar 13") Vaccine; Guillain-Barré Syndrome ("GBS"); Death. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.
Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On April 3, 2018, Bette M. Anderson[2] ("Petitioner"), as personal representative of the estate of Donald D. Meyer ("Mr. Meyer"), deceased, filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[3] Petitioner alleged that as a result of a pneumococcal conjugate

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] Petitioner's last name changed from Meyer to Anderson during litigation.  Order dated May 10, 2023 (ECF No. 133).

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

("Prevnar 13") vaccine administered on July 26, 2017, Mr. Meyer developed Guillain-Barré Syndrome ("GBS") and subsequently died on August 26, 2017. Petition at ¶¶ 1, 6 (ECF No. 1). On January 17, 2024, the undersigned issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated Jan. 17, 2024 (ECF No. 145).

On April 26, 2024, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. Proffer at 2. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $250,000.00, which represents compensation for the statutory benefit for a vaccine-related death, and**
**(2) A lump sum payment of $204,000.00, which represents compensation for past pain and suffering and past unreimbursable expenses.**

Proffer at 2. This amount represents all elements of compensation to which Petitioner is entitled under § 15(a). Id. Therefore, Petitioner shall be awarded a lump sum payment of $454,000.00 in the form of a check payable to Petitioner, Bette M. Anderson, as personal representative of the Estate of Donald D. Meyer.[4]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[5]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] The Proffer states, "If for some reason [P]etitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of the Estate of Donald D. Meyer at the time a payment pursuant to this proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative of the Estate of Donald D. Meyer upon submission of written documentation of such appointment to the Secretary." Proffer at 2 n.5.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **BETTE M. ANDERSON,** as personal representative of the estate of **DONALD D. MEYER,** deceased | * * * * | |
| Petitioner, | * | No. 18-484V |
| | * | **Special Master Dorsey** |
| v. | * * | |
| **SECRETARY OF HEALTH AND HUMAN SERVICES,** | * * * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 3, 2018, Bette M. Anderson,[1] as personal representative of the Estate of Donald D. Meyer,[2] filed a petition alleging that Donald D. Meyer developed Guillain-Barré syndrome ("GBS") as a result of a pneumococcal vaccine on July 25, 2017. Petitioner also alleged that Donald D. Meyer's death was a sequela of his GBS. Respondent contested petitioner's eligibility to entitlement.

---

[1] On May 10, 2023, petitioner moved to amend the caption to reflect the change in petitioner's name from Bette M. Meyer to Bette M. Anderson due to a legal name change when she married. ECF No. 132. The Court granted the motion to amend the caption on May 10, 2023. ECF No. 133.

[2] Petitioner filed documentation on April 3, 2018, establishing that on February 5, 2018, she was appointed personal representative of Donald. D. Meyer's Estate under the laws of the State of Minnesota. *See* Exhibit 5. All references to petitioner herein refer solely to Bette M. (Meyer) Anderson in her representative capacity as the personal representative of the Estate of Donald D. Meyer.

On January 17, 2024, the Court issued a Ruling on Entitlement, finding petitioner entitled to compensation under the Act.[3]  ECF No. 145.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following, and requests that the special master's decision and the Court's judgment award:

    a. a lump sum payment of **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death, and

    b. a lump sum payment of **$204,000.00**, which represents compensation for past pain and suffering and past unreimbursable expenses.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[4]  Petitioner agrees.

## II. Form of the Award

Respondent recommends that petitioner be awarded a lump sum payment of **$454,000.00**, in the form of a check payable to petitioner, Bette M. Anderson, as personal representative of the Estate of Donald D. Meyer.[5]  Petitioner agrees.

---

[3] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the special master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the special master's January 17, 2024 entitlement decision.

[4] This proffer does not include attorneys' fees and costs, which the parties intend to address after a damages decision is issued.

[5] If for some reason petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of the Estate of Donald D. Meyer at the time a payment pursuant to this proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative of the Estate of Donald D. Meyer upon submission of written documentation of such appointment to the Secretary.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ Emilie F. Williams
EMILIE F. WILLIAMS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone: (202) 305-0124
Emilie.williams@usdoj.gov

Dated:  April 25, 2024

3