# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 5, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| BETTE M. ANDERSON, as personal | * | |
| representative of the estate of | * | |
| DONALD D. MEYER, deceased, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 18-484V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.
Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 3, 2018, Bette M. Anderson[2] ("Petitioner"), as personal representative of the estate of Donald D. Meyer ("Mr. Meyer"), deceased, filed a petition in the National Vaccine

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] Petitioner's last name changed from Meyer to Anderson during litigation.  Order dated May 10, 2023 (ECF No. 133).

1

Injury Program.³  Petitioner alleged that as a result of a pneumococcal conjugate ("Prevnar 13") vaccine administered on July 26, 2017, Mr. Meyer developed Guillain-Barré Syndrome ("GBS") and subsequently died on August 26, 2017.  Petition at ¶¶ 1, 6 (ECF No. 1).  On January 17, 2024, the undersigned issued a ruling finding Petitioner entitled to compensation.  Ruling on Entitlement dated Jan. 17, 2024 (ECF No. 145).  On April 26, 2024, the undersigned issued a Decision Awarding Damages Based on Proffer.  Decision Awarding Damages Based on Proffer dated Apr. 26, 2024 (ECF No. 156).

On June 26, 2023, Petitioner filed a second interim motion for attorney's fees and costs.⁴  Petitioner's Second Application for Interim Award of Attorneys' Fees & Costs ("Pet. Mot."), filed June 26, 2023 (ECF No. 138).  Petitioner requests compensation in the amount of $201,042.09, representing $107,217.00 in attorney's fees to Lommen Abdo, $57,046.09 in costs to Lommen Abdo, and $36,779.00 in attorneys' fees to Maglio Christopher and Toale.  Id.  In a final fees application, filed May 24, 2024, Petitioner requests additional compensation in the amount of $9,460.20, representing $9,029.40 in attorney's fees and $430.80 in costs to Lommen Abdo.  Pet. Final Application for Attorneys' Fees and Costs ("Pet. Final Mot."), filed May 24, 2024, at 1 (ECF No. 161).  Together, Petitioner requests a total of $210,502.29.  Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation.  See ECF No. 162.  Respondent filed his response on May 29, 2023, stating he "is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case."  Respondent's Response to Pet. Final Mot., filed May 29, 2024, at 2 (ECF No. 163).  Petitioner did not file a reply.  The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $205,702.29.

I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  In this case, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

---

³ The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

⁴ Petitioner's first motion for interim attorney's fees and costs was filed on June 18, 2021 and a decision awarding $69,246.63 in interim fees and costs was issued on July 21, 2021.  Meyer v. Sec'y of Health & Hum. Servs., No. 18-484V, 2021 WL 3611797 (Fed. Cl. Spec. Mstr. July 21, 2021).

A.      **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

i.      **Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Kathleen Loucks, $365.00 per hour for work performed in 2021, $427.00 per hour for work performed in 2022, $450.00 per hour for work performed in 2023, and $475.00 per hour for work performed in 2024. Petitioner also requests rates between $139.00 and $175.00 per hour for work of her counsel's paralegals from 2021 to 2024.

The undersigned finds the rates from 2021 to 2023 are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned also finds Ms. Loucks' 2024 rate reasonable and within the OSM fee

3

schedule[5] for attorneys with her experience. Thus, the undersigned will award Ms. Loucks her requested 2024 rate of $475.00 per hour.

Petitioner also requests the following hourly rates for the work of counsel at Maglio Christopher & Toale: for Ms. Anne Toale, $535.00 per hour for work performed in 2023; and for Ms. Catherine Costigan, $370.00 per hour for work performed in 2023. Petitioner also requests $180.00 per hour for work of her counsel's paralegals in 2023.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

### ii.   Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award fees in full.

### B.   Attorneys' Costs

Petitioner requests a total of $57,476.89 in attorney's costs. This amount is comprised of the acquiring medical literature, expert costs, and Westlaw charges. The undersigned has reviewed the requested costs and finds them to be largely reasonable.

Dr. Praful Kelkar charged a flat fee of $8,000.00 for attending and testifying in one day of the entitlement hearing. However, a flat rate is not appropriate. See, e.g., Culligan v. Sec'y of Health & Hum. Servs., No. 14-318V, 2016 WL 1622967, at *10 (Fed. Cl. Spec. Mstr. Mar. 31, 2016) (declining to award an expert a flat fee of $9,500.00 for one day of hearing testimony); Jeffries v. Sec'y of Health & Hum. Servs., No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (declining to award an expert a flat fee of $10,000.00 for a one-day court appearance).

Per the Guidelines for Practice Under the National Vaccine Injury Compensation Program, "expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task." See Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78. Additionally, "the particular tasks for

---

[5] The Attorneys' Fee Schedules are available at http://www.cofc.uscourts.gov/node/2914.

which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records." Id. Petitioner's counsel must provide sufficient evidence to warrant approval of an expert's hourly rate. See Vogler v. Sec'y of Health & Hum. Servs., No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013). "When a petitioner's counsel incurs expert costs that the attorney expects to submit to the special master as a cost of a Vaccine Act case, it is that counsel's duty to monitor the expert's overall fees to ensure that the fees remain reasonable." Nuttall v. Sec'y of Health & Hum. Servs., 07-810V, 2014 WL 643584, at *3 (Fed. Cl. Spec. Mstr. Jan. 23, 2014) (internal quotations omitted).

Dr. Kelkar has previously been awarded $400.00 per hour for his vaccine program work, including in this case. See Meyer, 2021 WL 3611797, at *3. If Dr. Kelkar attended the full hearing day on April 26, 2023 (8 hours),[6] he would have billed $3,200.00.[7] The undersigned finds an award of $3,200.00 for attending and testifying at the hearing to be reasonable. See, e.g., Hock v. Sec'y of Health & Hum. Servs., No. 21-945V, 2024 WL 1639992, at *3 (Fed. Cl. Spec. Mstr. Mar. 18, 2024) (rejecting a request for a flat fee for attending a hearing and awarding the expert's normal rate for the hours attended at the hearing). This results in a reduction of $4,800.00.[8]

## II.     CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

Lommen Abdo Law Firm:

| Attorney's Fees Requested | $116,246.40 |
|---|---|
| (Total Reduction from Billing Hours) | - $0.00 |
| **Total Attorney's Fees Awarded** | **$116,246.40** |
| | |
| Attorney's Costs Requested | $57,476.89 |
| (Reduction of Costs) | - $4,800.00 |
| **Total Attorney's Costs Awarded** | **$52,676.89** |
| | |
| **Total Attorney's Fees and Costs Awarded** | **$168,923.29** |

Maglio Christopher & Toale:

| Attorneys' Fees Requested | $36,779.00 |
|---|---|
| (Total Reduction from Billing Hours) | - $0.00 |

---

[6] The hearing began at 9:27 am and concluded at 4:40 pm on April 26, 2023. Although this is not a full 8 hours, the undersigned awards 8 hours to accommodate modest preparation time before the hearing.

[7] 8 hours x $400.00 = $3,200.00.

[8] $8,000.00 - $3,200.00 = $4,800.00.

5

| | |
|---|---|
| **Total Attorneys' Fees Awarded** | **$36,779.00** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$36,779.00** |

**Accordingly, the undersigned awards:**

**(1) $168,923.29 in attorney's fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Kathleen Loucks at Lommen Abdo Law Firm.**

**(2) $36,779.00 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Maglio Christopher & Toale.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[9]

**IT IS SO ORDERED.**

        **s/Nora Beth Dorsey**
        Nora Beth Dorsey
        Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.